# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCI SPARK LLC,<br><br>                Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS,<br>LIMITED LIABILITY COMPANIES,<br>PARTNERSHIPS, AND UNINCORPORATED<br>ASSOCIATIONS IDENTIFIED ON<br>SCHEDULE A TO THE COMPLAINT,<br><br>                Defendants. | Case No. 25-cv-1989 |

## [PROPOSED] TEMPORARY RESTRAINING ORDER

Plaintiff Sci Spark LLC. ("Plaintiff") filed an *Ex Parte* Motion for Entry of: 1) a Temporary Restraining Order; 2) an order restraining assets related to the Defendants' Seller Aliases; 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the fully interactive, e-commerce stores operating under the seller alias IDs identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Seller Aliases"). The Court has considered the Application, the evidence in the record, and the applicable law.

Plaintiff has obtained evidence clearly demonstrating that Defendants are using without authorization, Plaintiff's copyrighted photographs (the "Copyrighted Works"), while promoting, selling, offering for sale, and distributing products in a willful attempt to pass off their products as being authorized by Plaintiff. Defendants' sale, distribution and advertising of their products are highly likely to cause consumers to believe that Defendants are offering an authorized product when in fact they are not. Defendants accomplish their illegal sales through the use of at least one

of the Internet based e-commerce stores operated by at least one of the on-line marketplace websites such as Walmart.com, and others (the "Third-Party Platforms").

Based on this evidence, Plaintiff's Complaint alleges claims for federal copyright infringement pursuant to 17 U.S.C. § 501(a) and violation of Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a)(1) and 17 U.S.C. § 1202(b).

## FACTUAL FINDINGS & CONCLUSION OF LAW

1.      Plaintiff, Sci Spark LLC ("Plaintiff"), is likely to prevail on its copyright claims at trial.

2.      Plaintiff is the rights holder to the Copyrighted Works and registered it with the United States Copyright Office. Plaintiff is the sole owner of the Copyrighted Works, which it uses to market and sell its products.

3.      Defendants, by operating Internet based e-commerce stores, and fully interactive commercial Internet websites operating under Defendants' respective seller identities set forth on the Schedule "A" hereto (the "Seller Aliases"), traded upon Plaintiff's reputation and goodwill by utilizing unauthorized, unlicensed, and infringing versions of Plaintiff's Copyrighted Works to sell and/or offer for sale various competing products (the "Infringing Products") without authorization.

4.      Through the Third-Party Platforms, Plaintiff accessed all of the e-commerce stores operating under Defendants' Seller Aliases and captured the Defendants' listings at issue on the e-commerce stores to confirm that each Defendant is featuring, displaying, and/or using the Copyrighted Works without authorization and the products that each Defendant is offering for sale are not genuine products.

5.      Plaintiff has a strong probability of proving at trial that Defendants' unauthorized and unlicensed uses of Plaintiff's Copyrighted Works causes Plaintiff irreparable harm and harm to the consuming public, in violation of 17 U.S.C. § 501(a).

6.      Plaintiff and consumers are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted. There is good cause to believe that the unauthorized and unlicensed use of Plaintiff's Copyrighted Works will continue in the marketplace; that consumers are likely to be misled and confused; and that Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates. There is also good cause to believe that if Plaintiff proceeds on notice to Defendants of this Application, Defendants can easily and quickly change the ownership or modify e-commerce store account data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of Seller Aliases, thereby thwarting Plaintiff's ability to obtain meaningful relief. As other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party.

7.      The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the harm to Plaintiff, its reputation, and goodwill and the significant harm to Plaintiff's business for which there is no adequate remedy because sales of products associated with the Copyrighted Works is the core of Plaintiff's business.

8.      The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests and protect the public from being injured, deceived and defrauded by Defendants.

9.      Under Pennsylvania law this Court may issue a prejudgment asset restraint where Plaintiff's complaint asserts a claim for money damages.[1] This Court also has the inherent authority to issue a prejudgment asset restraint when Plaintiff's complaint seeks relief in equity. According to the Copyright Act, 17 U.S. Code § 504, Plaintiff seeks, among other relief, that Defendants account for and pay to Plaintiff its actual damages and all profits realized by Defendants or statutory damages, by reason of Defendants' unlawful acts. Therefore, this Court has the authority to grant Plaintiff's request for a prejudgment asset freeze to preserve the relief sought by Plaintiff and preserve the Defendants' ability to at least partially satisfy a judgment.

10.      Similarly, if Defendants are given notice of the Application, they are likely to hide or move their ill-gotten funds to other unidentifiable or offshore bank accounts or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' illegal and infringing activities. Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows (the "Order"):

### Temporary Restraining Order

IT IS HEREBY ORDERED, as sufficient cause has been shown, that each Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert or participation with them be temporarily enjoined and restrained from:

---

[1] Under Pennsylvania law, pre-judgment restraints are permitted as against all defendants. *Walter v. Stacey*, 837 A.2d 1205 (Pa. Super. 2003) (injunction entered restraining assets in action seeking damages for a wrongful death); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186 (3d Cir. 1990) (affirming injunction entered restraining assets in class action lawsuit). Pre-judgment restraints are appropriate against these U.S. sellers under *Walter* and *Hoxworth*. *See also*, *Broadway v. Colorflowers, et al.*, 22-cv-510-JNR (W.D. Pa., filed April 12, 2022).

a. using the Copyrighted Works or any reproductions, derivative works based upon the Copyrighted Works, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's product or not authorized by Plaintiff to be sold in connection with the Copyrighted Works;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product authorized by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale in connection with Plaintiff's Copyrighted Works;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which includes any of Plaintiff's Copyrighted Works, including the Plaintiff's Copyrighted Works, or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Plaintiff's request, those with notice of this Order, including any online marketplace platforms such as Walmart, or TEMU (the "Third Party Provider"), shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements

used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Plaintiff's Copyrighted Works or any reproductions, counterfeit copies, or colorable imitations thereof.

4.      Any Third-Party Providers, including PayPal, Walmart, and TEMU shall, within seven (7) calendar days of receipt of this Order:

    a.  locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto and any e-mail addresses provided for Defendants by third parties; and

    b.  restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

5.      This Order shall apply to the Seller Aliases, associated online marketplace accounts, and any other seller identification names, or other seller alias, Third-Party Providers or other financial accounts which are being used by Defendants for the purpose of infringing the Plaintiff's Copyrighted Works.

6.      This Order shall remain in effect until the date for the hearing to show cause why a preliminary injunction should not be issued as set forth below, or until such further dates as set by the Court or stipulated by the parties.

IT IS HEREBY ORDERED, as the Plaintiff has established that the following work as pictured below ais the subject of Plaintiff's federally registered copyright:

| Registration Number | Copyrighted Works |
|---|---|
| VA 2-444-531 |  |
| VA 2-444-601 | |

Consequently, sufficient cause has been shown that, upon Plaintiff's request, within no later than five (5) calendar days of Plaintiff's request: all online marketplaces, including but not limited to, Walmart, and TEMU shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and any product listings identified by the Plaintiff as either identical or substantially similar to Plaintiff's Copyrighted Works, whether sold by the Defendant or other persons or entities.

### Expedited Discovery

7.    Plaintiff is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, to which Defendants must answer in seven (7) calendar days, related to:

   a.   the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b.   the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

   c.   any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Walmart, or other

merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

8.    Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Seller Aliases, including, without limitation, any online marketplace platforms such as Walmart (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a.    the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b.    the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Seller Aliases and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Seller Aliases; and

c.    any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Walmart, TEMU or other merchant

account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

### Order to Show Cause Why a Preliminary Injunction Should Not Issue and Service of Order

9.  Defendants are hereby ORDERED to show cause before this Court in the United States District Court for the Western District of Pennsylvania, the U.S. Courthouse, **in person** on the ___ day of _____ at _____ __.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to FRCP 65(a), should not issue. **Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them.**

10. Opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering electronic copies thereof to the office of Whitewood Law PLLC at smu@whitewoodlaw.com before _____, 2025. Plaintiff shall file any Reply papers on or before _____, 2025.

11. After Plaintiff's counsel has received confirmation from the Third Party Providers and financial institutions or otherwise, regarding the restraint of funds directed herein, Plaintiff shall serve copies of the Complaint, the Application, this Order, and any Discovery on each Defendant via their corresponding email/online contact form provided on the Internet based e-commerce stores operating under the respective Seller Aliases, or by providing a copy of this order by e-mail to the marketplace platform, which in turn notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court. In addition, Plaintiff shall post copies of the Complaint, Application, this Order, any Discovery, and all other pleadings and documents filed in this action on a website designated by Plaintiff and shall provide the website address to Defendants via e-

mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website designated by Plaintiff or by other means reasonably calculated to give notice which is permitted by the Court.

## Security Bond

12.    IT IS FURTHER ORDERED that Plaintiff shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of $_____ Dollars (_____) with the Court, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

## Summons

13.    IT IS FURTHER ORDERED that the Clerk of the Court shall issue a single original summons in the name of " █████ and all other Defendants identified in the Complaint" that will apply to all Defendants.

_____
The Honorable
United States District Judge

11

# Schedule A



| DOE # | Seller Alias | Platform | Seller ID |
|-------|--------------|----------|-----------|



| DOE # | Seller Alias | Platform | Seller ID |
|---|---|---|---|

| DOE # | Seller Alias | Platform | Seller ID |
|-------|--------------|----------|-----------|





| DOE # | Seller Alias | Platform | Seller ID |
|---|---|---|---|



| DOE # | Seller Alias | Platform | Seller ID |
|-------|--------------|----------|-----------|
|       |              |          |           |



| DOE # | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| | | | |

| DOE # | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| ███ | ██████ | ███ | ████ |
| ███ | ██████ | ███ | ████ |